*In re* WEINS' ESTATE.

SMITH *v.* WEINS.

APPEAL AND ERROR — WILL CONTEST — CERTIFICATION OF RECORD — JURY TRIAL—ABUSE OF DISCRETION.

On trial of will contest in circuit court on certification from probate court, denial of jury trial or leave to amend record to show original objections to allowance of will together with petition for certification except upon payment of appellee's costs in preparing for trial *held,* an abuse of discretion, since if original objections contained a demand for a jury trial, appellant had performed everything necessary to guarantee the determination of the issues involved by a jury and should not be prejudiced because an improper record was certified (3 Comp. Laws 1929, § 15958; Court Rule No. 75 [1933]).

Appeal from Wayne; Jayne (Ira W.), J. Submitted April 9, 1937. (Docket No. 43, Calendar No. 39,337.) Decided June 29, 1937. Rehearing denied September 1, 1937.

George A. Weins presented the will of Mary J. Weins, deceased, for probate. Angela B. Weins Smith filed objections thereto. Contest certified to circuit court. Contestant reviews judgment admitting will to probate and certifying case to probate court by appeal in the nature of mandamus and general appeal. Writ issued with instructions.

*Cleary & Weins* (*Maurice Miller,* of counsel), for proponents.

*Hugh K. Davidson* and *David E. Kull,* for contestant.

CHANDLER, J. On August 21, 1936, appellant filed objections to the allowance of the will of Mary J. Weins, deceased, and made application for certification of the contest to the circuit court for hearing pursuant to 3 Comp. Laws 1929, § 15958. The exemplification of record was filed in the circuit court on September 11, 1936. On September 25, 1936, appellant filed a written demand for a jury trial.

On the day of the hearing, the circuit court denied appellant a jury trial on the ground that she had failed to comply with Court Rule No. 75 (1933), and that the demand for a jury trial of September 25th was of no avail. Appellant then contended that the court should permit the record to be amended to include the original petition for certification and the original objections filed in the probate court, which

she claimed contained a demand for a jury trial. The court refused the request except on condition that appellant pay the costs of appellee in preparing for trial. The cause was then heard without a jury and an order entered admitting the will and certifying the case to the probate court for further proceedings.

On October 6, 1936, appellant filed a motion "to vacate the order dismissing appeal entered herein on the 2d day of October, 1936, to reinstate said cause and to assign same for trial by jury, or, in the alternative, to enter an order permitting the record on appeal to be amended by adding thereto contestant's original objections to the allowance of the will of Mary J. Weins, deceased, together with petition for certification, upon which are indorsed demands for jury trial." Inasmuch as no order dismissing the appeal had been entered, the court considered the motion as one to reopen the proofs and entered an order that this might be done on condition that appellant pay costs in the amount of $85. Appellant refused to comply with the condition thus imposed and takes an appeal in the nature of mandamus as well as a general appeal.

Thus, the question is presented as to whether it was an abuse of discretion on the part of the trial court to deny appellant's motion to permit the record to be amended by adding thereto the original objections filed in the probate court, which, it was claimed, contained a demand for a jury trial, except on condition that appellant pay costs in the amount of $85.

In our opinion, the imposition of costs as a condition to the granting of the motion and the denial thereof for failure to comply with the condition attached did constitute an abuse of discretion. If, as

contended, the original objections contained a demand for a jury trial, appellant had performed everything necessary to guarantee the determination of the issues involved by a jury and should not be prejudiced because an improper record was certified to the circuit court.

The order of October 12, 1936, denying appellant's motion to amend the certified record except upon payment of costs is vacated and a writ of mandamus shall issue directing the trial court to enter an order permitting appellant to amend the certified record by adding the original objections thereto. If, as claimed by appellant, the record as amended shows that a demand for jury trial was made, the order of the trial court admitting the will to probate shall be vacated and the cause remanded for trial by jury. If, however, the record as thus amended, shows that a demand for jury trial was not contained in the original objections, the order admitting the will to probate will be and is hereby affirmed, with costs to appellees.

Fead, C. J., and North, Wiest, Butzel, Bushnell, Sharpe, and Potter, JJ., concurred.